Filed 2/20/24  P. v. Underwood CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON UNDERWOOD,<br><br>    Defendant and Appellant. | B327972<br><br>(Los Angeles County<br>Super. Ct. No. LA096488-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Affirmed.

A. William Bartz, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

————————————————

Appellant Jason Underwood pleaded no contest to one count of vandalism (Pen.[1] Code § 594, subdivision (a)) and was granted probation, subject to various conditions. Appellant timely appealed the trial court's order, and appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not identified any arguable issues for reversal on appeal. Counsel asks this court to review the record as mandated by *Wende*. Appellant filed a supplemental brief raising various challenges to the trial court's order. We discuss the supplemental brief in the discussion section below and affirm the trial court's order.

## BACKGROUND

On September 16, 2022, an information was filed charging appellant with one count of vandalism involving $400.00 or more in damage or destruction of property (§ 594, subdivision (a)). On November 30, 2022, appellant pled no contest to the charge and was placed on formal probation with various conditions. The transcript of the no contest plea reflects that probation was terminated in two other pending cases as part of his plea agreement. The court imposed an upper term sentence of three years with execution of sentence suspended pending successful completion of probation.

On January 4, 2023, appellant timely appealed the trial court's order.[2]

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] An order granting probation and suspending imposition of sentence is an appealable order. (§ 1237, subd. (a) [deeming an order granting probation as a "final judgment" for purposes of taking an

## DISCUSSION

We appointed counsel to represent appellant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Appellant was advised by this court of his right to file a supplemental brief within 30 days from issuance of the notice. Appellant filed a supplemental brief challenging the trial court's November 30, 2022, order granting probation, and raising issues directed at the trial court's subsequent March 22, 2023, order revoking his probation and imposing sentence.[3] The revocation order is the subject of a separate appeal before this court.

Under *Wende*, when appellate counsel identifies no arguable issues on appeal, an appellate court independently reviews the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.) In addition, the defendant has the right to file a supplemental brief. (*Wende, supra*, 25 Cal.3d at p. 440.) If a defendant files a supplemental brief, the "opinion must reflect the contentions and the reasons that they fail." (*People v. Kelly* (2006) 40 Cal.4th 106, 120.) However, a "decision does not require an extended discussion of legal principles. [Citations.] Moreover, a recitation of each of the defendant's assertions will

---

appeal]; *People v. Amons* (2005) 125 Cal.App.4th 855, 869, fn. 8 [explaining that if probation is granted and imposition of sentence is suspended, decision "is final for the limited purpose of taking an appeal therefrom"].)

[3] On March 22, 2023, following a probation hearing, appellant's probation was revoked and the trial court ordered him to serve the previously imposed (but suspended), three-year term in local custody. This revocation order is the subject of Appeal No. B330049.

3

not be necessary in all cases; the purposes of the constitutional requirement [for a written decision] may in some circumstances be satisfied by a summary description of the contentions made and the reasons they fail." (*Id*. at p. 121.)

In this case, the majority of appellant's challenges are directed to the trial court's March 22, 2023, order revoking probation, which is beyond the scope of this appeal. The instant notice of appeal filed by appellant is limited to the November 30, 2022, order granting probation. (Cf. *People v. Amons, supra,* 125 Cal.App.4th 855, 869, fn. 8.)

Further, appellant's arguments directed at the three-year term imposed and suspended on November 30, 2022, lack merit. Appellant expressly admitted as an aggravating factor, under California Rules of Court, rule 4.421 (b)(3), that he had served a prior prison or jail term, which justified the trial court's imposition of the upper three-year term. The probation report filed in this case also reflects appellant has a lengthy criminal history and lists no mitigating factors. Appellant has failed to point to any evidence in the record indicating otherwise.

Appellant's additional contention that he had "20 months credit" at the time of his conviction and and as such should have been given credit for "time served" is contradicted by the transcript of his no contest plea. Appellant expressly waived "back credit for all the time [he] served in custody on this case"

4

and was therefore entitled to "0" custody credits.[4]  Appellant has not shown otherwise.[5]

Having also undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to appellant.  Accordingly, we affirm the order on appeal.

## DISPOSITION

The November 30, 2022, order granting probation is affirmed.

MORI, J.

We concur:

COLLINS, Acting P.J.

ZUKIN, J.

---

[4]     In his supplemental brief, appellant also disputes the accuracy of credits granted at the March 22, 2023, hearing revoking probation. However, as previously noted, that hearing, and the trial court's ensuing order, are beyond the scope of the instant appeal.

[5]     Appellant's November 27, 2023, request "to expedite appeal and substitute in as counsel" is denied.